| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:2:16-CV-08-WCL-JEM |
| | ) | |
| ESTATE OF ANGELO T. STATH and | ) | |
| DONNA STATH, individually and as the | ) | |
| Personal Representative of the Estate of | ) | |
| ANGELO T. STATH, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 8], filed by Donna Stath in her individual capacity on February 24, 2016. Stath seeks dismissal of the claims of her personal liability in the Complaint.

**I.     Background**

Plaintiff United States of America, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of a delegate of the Attorney General, filed its Complaint on January 8, 2016, for unpaid federal income tax liabilities of Angelo T. Stath, Decedent. It includes a claim against the Estate for the unpaid liabilities and against Stath individually for her personal liability for failure to pay the claim of the United States from the assets of the Estate.

On February 24, 2016, Stath filed the instant Motion to Dismiss. The United States filed a response on March 9, 2016, and on March 16, 2016, Stath filed a reply.

**II.    Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the

complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

**III.     Analysis**

In the instant Motion, Donna Stath, individually, moves for dismissal of the Complaint as to all claims against her.

    A.    <u>Count I</u>

Count I of the Complaint is a claim for income tax assessments incurred by Decedent.  The United States claims that the Estate is liable for the unpaid balance of federal income tax liabilities. Stath requests that the Court dismiss Count I because she is not individually liable for the debts of the Decedent.  The United States argues that the request be denied because it is not asserting any claims against Stath individually, but only in her role as personal representative of the Estate.

Because Count I asserts is no claim against Stath individually, the request to dismiss it is moot.  The Court notes that the parties agree that Stath is not individually liable for the federal income tax liabilities claimed in Count I.

    B.    <u>Count II</u>

In Count II, the United States alleges that Stath is personally liable for Decedent's unpaid federal tax income liability to the extent of the value of the assets of the Estate because she distributed Estate assets without first satisfying the Estate's obligations to the United States.  Stath argues that the claim should be dismissed because any expenses she paid were proper expenditures, not the debts of Decedent.  She argues that the statutory priority of 31 U.S.C. § 3713 provides that administrative expenses are to be paid first, with any remainder going to debts to the United States

owed by Decedent. The United States argues that Stath's argument is inappropriate for a motion to dismiss because it requires that Court to ascertain that the distributions she made out of the Estate were for the Estate's expenses, an assertion that the United States does not agree with.

The Complaint includes representations of filings made in Lake Circuit Court by Stath as personal representative of the Estate, including distributions of expenses and widow's allowance. The Complaint does not include any acknowledgment that these expenses were accurate, but merely reports Stath's representations to the circuit court. As the United States argues, in order to find that Count II should be dismissed, the Court must make a factual determination about the distributions made by Stath, a finding inappropriate on a motion to dismiss. *Ninth Ave. Remedial Grp. v. Allis Chalmers Corp.*, 974 F. Supp. 684, 687 (N.D. Ind. 1997) ("[I]n order to rule in favor of [the defendant], the Court would have to make factual determinations which are not appropriate in a motion to dismiss."). Accepting the facts pled by the United States as true for the purposes of this Motion, the Court concludes that the Complaint includes "enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations," *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted), and dismissal of Count II against Stath in her individual capacity is unwarranted at this time.

## IV.      Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion to Dismiss [DE 8].

SO ORDERED this 25th day of July, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:      All counsel of record